UNITED STATES DISTRICT COURT
for the District of Columbia

Frederick Banks,
    Petitioner
#120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

  v.

Orlando Harper, Warden
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Robert Cessor, AUSA
David Hickton, U.S. Attorney;
FBI Special Agent Timothy Piwnicki;
Federal Bureau of Investigation
3311 East Carson Street
Pittsburgh, PA 15203

Hon Cynthia Reed Eddy; Hon Mark Hornak
  US Courthouse
  700 Grant St.
  Pittsburgh, PA 15219;

Jim Brennan, Director of Central
Intelligence; Central Intelligence Agency
1000 Colonial Farm Road
McLean, VA 22101;

Richard Burr; Diane Feinstein;
Hilary Clinton; Donald Trump; Barack
Obama; Senate Select Intelligence
Committee,
    Respondents

CIVIL DIVISION

Case: 1:15-cv-01780 G Deck
Assigned To : Unassigned
Assign. Date : 10/20/2015
Description: Habeas Corpus/2241

CLASS ACTION



RECEIVED
OCT - 8 2015
Clerk, U.S. District and
Bankruptcy Courts

Petition for a Writ of Habeas Corpus pursuant to
28 USC § 2241

Petitioner Frederick Banks an American Indian and president of the United Tribes of America and tribal official (The United Tribes is a non-recognized Tribe and includes a tribal court, appeals court, and supreme court) alleges as follows:

1. Petitioner is being held in pretrial confinement on a federal charge of "cyberstalking" and "harassing communications". His custodians are Jim Brennan, director of Central Intelligence and Orlando Harper, warden.

2. Petitioner's pretrial detention is unlawful and in violation of the

laws and United States Constitution because,

a) Petitioner's counsel Adrian N. Roe told him that he was a career criminal (Banks has no prior record of violence or drugs and therefore is not a career criminal), that he faced 10 years for the charge (the charge of cyberstalking carries 5 years statutory and with Banks' guideline range the low end is 15 months so this was misadvice by Counsel), that he could not represent petitioner unless he pled guilty. Failing to represent a petitioner who elects to proceed to trial is ineffective assistance. All in violation of the 6th Amendment Right to effective assistance.

b). At the bond hearing the AUSA stated that petitioner listed for sale a condo in Florida that he did not own. Petitioner urged Roe 3 separate times to produce a contract that petitioner received from Daniel Miller that gave him the exclusive right to resale the condo yet Roe refused which violated his 6th Amendment Right to Counsel and his 8th Amendment Right to Bail because petitioner was detained pending trial. Roe also failed to appeal the bond hearing to the District Judge when petitioner requested and Roe stated he would do in violation of the 6th Amendment.

c) The AUSA stated that petitioner had attempted to unlawfully withdraw $4000 from an ex-employers account an attorney named Scott Alan Westcott. Westcott when petitioner was employed at his firm owed petitioner money, paid him under the minimum wage, and failed to pay him commissions due from clients including David Isabella and Reno Wallace and others. Westcott authorized any withdrawals but then did not fund the account and petitioner to date remains unpaid. Westcott did not disclose to petitioner that he had a state criminal conviction (Allegheny County Court of Common Pleas Criminal Division See Commonwealth v. Scott Alan Westcott) for

fraud and forging a Judges signature which disbarred him for 5 years. Westcott also underreported his income by placing cash payments in the secretary drawer to the IRS and failed to put petitioner and the secretary on the payroll so he could avoid taxes. Petitioner would like to get the chance to cross examine Westcott at any trial. All in violation of the 8th Amendment. Counsel failed to even object or cross examine the agent on these issues which denied effective assistance of the 6th Amendment.

d) Jim Brennan and his agents at the CIA electronically harassed petitioner by sending wireless signals via satellite with GPS tracking 24/7 hours a day for years because FBI agent Timothy Pivnichny pointed his gun at petitioner's fiancé Meredith Bondi (Bondi resides at 6118 Meade St, McKeesport, PA) before she testified in front of the grand jury in a different case to intimidate her. Cynthia Reed Eddy Bondi's then attorney was also present at this meeting. Meredith was terrified. Eddy and Pivnichny covered this up and the FBI never investigated this. Pivnichny also tampered with physical evidence in the case when he fixed an Orbit II DVD/CD Copier by Microboards Technology and said petitioner used it to commit crimes. Microboards Technology has records showing the Orbit II was broken before Pivnichny confiscated it. All in violation of the 8th Amendment. When petitioner contested this in court suits he received another indictment claiming Pivnichny was a victim for a single Craigslist posting for "harassing communications" that did not even mention Pivnichny's name. All in violation of the First Amendment right to free speech and right to be free from retaliation for filing lawsuits. Roe told petitioner that the FBI agent stated "we don't want Benks out there saying stuff about us" referring to petitioner's claims against Pivnichny's case

fixing. Soon after Roe told him that petitioner learned that the FBI had fixed another case out of the same Pittsburgh field office. In USA v. Jason Sheppard (WDPA) Sheppard told petitioner that a attorney named Gary Gerson who represented both Sheppard and Mrs. McCollum at the same time allowed McCollum at Special Agent Hank Wilhelm's request cooperate in an investigation of Sheppard. Wilhelm had no problem with this conflict of interest and the FBI had no trouble with covering this up. Petitioner received copies of the emails from Wilhelm to McCollum urging her on (McCollum forwarded over 100 emails between her and Sheppard to Wilhelm) and forwarded them to Liz Navratil of the Pittsburgh Post Gazette thus since the FBI won't investigate Piwnicki or Eddy it is now they who are being investigated <u>by the feds</u>!

3. Petitioner here is challenging continued detention by the CIA. The CIA use a technology called "Synthetic Telepathy" see nbcnews.com and thermal imaging which allows them to see everything petitioner sees in real time and to directly communicate with him. See Dr. Robert Duncan, a CIA scientist interview on youtube.com and Dr. John Hall. Also see Dr. John Hall books "Guinea pigs" and "New Breed: A new form of Satellite Terrorism" and see cia.gov search "Telepathic Behavior Modification". The CIA's Telepathic Behavior Modification is the specific program the CIA is holding petitioner's mind hostage in and many, many others numbering at least 300,000 persons in the USA alone. Thus, the court should certify this case as a class action under Fed.R.Civ.Proc. 23(b) and appoint Donna McClelland as class counsel to represent the class and or file a motion to certify class action. Petitioner's issues with the CIA may also be connected to a Foreign Intelligence Act surveillance warrant or it may not. If such a FISA warrant exists petitioner moves the court to order that the warrant be lifted because under FISA a warrant may not be used such as her for exercise

of a 1st Amendment protected activity.

4. A 2241 Habeas corpus petition is the proper vehicle to challenge pretrial detention rendering a 2255 motion inadequate and ineffective to challenge the legality of petitioner's detention.

Wherefore, the foregoing petition should be granted discharging petitioner from custody, appointing class counsel, certifying action as class action, holding an evidentiary hearing.

Executed this 19th day of September/2015 under the penalty for perjury.

Respectfully submitted,

Frederick Banks
#720759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Petitioner

United States District Court
for the District of Columbia

Frederick Banks,
    Petitioner,

v.

Orlando Harper, et al.,
    Respondents.

Civil Action No. _____

## Motion to proceed In Forma Pauperis

Petitioner moves the Court to proceed In Forma Pauperis

1. Petitioner is incarcerated has no funds and no money in his inmate account.

2. Staff do not have an account statement to provide because petitioner just arrived

3. Petitioner has the sum of $0 and no way to access any funds

4. Petitioner has no dependents. Petitioner has no job and is unemployed and has not received any money from any other source in the past 12 months.

Wherefore, the foregoing motion should be granted.

Executed this 19th day of September, 2015 under the penalty for perjury.

Respectfully Submitted,

Frederick Banks

Dated: 9/19/15

